

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# Hunt v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2757

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hunt v. PA Dept Corr" (2008). *2008 Decisions.* Paper 686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2757
_____

HAROLD HUNT,

Appellant

v.

PA. DEPT. OF CORRECTIONS; JAMES PRICE;
ALLADIN SYED; DR. LATIMORE; PAUL A. NOEL;
DR. SKWIVANSKI; DR. STEVENS; FRED POLANDO;
PHS/EMSA; STEPHANIE WOOD; PHILIP L. JOHNSON;
JOAN DELIE; JEFFREY BEARD; EDWARD SWIERCZEWSKI;
DR. BRANDY; DR. WHITE; DIANE MANSON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 03-cv-00277)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2008
Before: McKEE, SMITH and CHAGARES, Circuit Judges

Opinion filed: August 11, 2008
_____

OPINION
_____

PER CURIAM

Harold Hunt, proceeding pro se, appeals the District Court's entry of summary judgment in favor of Appellees. For the reasons that follow, we will affirm.

Hunt initiated this action on January 10, 2003,[1] one year and 363 days after he was released from SCI-Pittsburgh. He claimed that Appellees conspired to deny or interfere with his medical treatment throughout the time during which he was incarcerated. On June 3, 2005, the District Court granted Appellees' motion to dismiss, holding that the claims stated in the complaint were time-barred. This Court vacated the District Court's order and remanded the matter for further proceedings, concluding that it was not clear, from the face of Hunt's amended complaint, that his action was barred by the statute of limitations. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

On remand, Hunt filed a second amended complaint in which he alleged, among other things, that Appellees denied him necessary medical treatment, mistreated him during sick call, interfered with his prescribed treatment, failed to conduct adequate examinations or tests, and retaliated against him for filing grievances against medical staff. He specified some dates for the alleged conduct, primarily throughout 1999 and 2000, but mentioned only one event occurring on or after January 10, 2001, within the two year statute of limitations period. According to Hunt, on January 12, the day he was

[1]Hunt filed a complaint and motion to proceed in forma pauperis in the United States District Court for the Middle District of Pennsylvania on this date. The action was subsequently transferred to the United States District Court for the Western District of Pennsylvania.

2

released, he was forced to carry two boxes two blocks to a bus stop, despite being under doctor's orders not to lift, squat, run or jump. He claimed he was "hurting all over, loud ringing in the ears, eyes burning, blurry vision, swelling in legs, hands, and suffering from breathing problems where it took [him] about 45 minutes to walk 2 blocks. [He] even had trouble communicating with the bus driver." In his objections to the Magistrate Judge's Report & Recommendation, Hunt argued that the Magistrate Judge misconstrued his claim, which should not be understood as a series of individual wrongs, but rather as a continuing violation spanning from 1997 until his release in 2001. He argued that the "continuing violation theory" should apply where, as here, "the last act evidencing the 'continuing practice' falls in the limitation period." The District Court disagreed, adopting the Magistrate Judge's conclusions that Hunt did not assert a denial of medical care upon his release from prison, nor did the alleged conduct constitute a "continuing violation" under applicable Third Circuit precedent. Hunt timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's entry of summary judgment de novo, applying the same standard the District Court applied. Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d 250, 253 (3d Cir. 2004). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). In order to defeat a motion for summary judgment, the non-moving party must produce or

point to evidence in the record that creates a genuine issue of material fact. See Josey v. John R. Hollinsgworth Corp., 996 F.2d 632, 637 (3d Cir. 1993). The non-moving party cannot rest on mere pleadings or allegations; rather it must point to actual evidence in the record on which a jury could decide an issue of fact its way. See Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

For essentially the reasons given by the District Court, we agree that the underlying lawsuit was not timely filed. Hunt makes only one reference to an event occurring on or after January 10, 2001 – the failure of prison personnel to assist him in transporting his belongings to the bus upon his release from prison – and as the District Court held, that incident alone is insufficient to state a claim for deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, we agree that Hunt has not established a "continuing violation." First, as Appellees argue, neither this Court nor the Supreme Court has ever applied the continuing violation doctrine outside of the employment discrimination context. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); O'Connor v. City of Newark, 440 F.3d 125, 127-28 (3d Cir. 2006). All of the cases relied on by Hunt in support of the application of this theory to his § 1983 claims arise from employment discrimination actions. Furthermore, we hold that, even if we were to assume that the continuing violation doctrine did apply here, Hunt would not be entitled to relief. As the Supreme Court has held, "discrete discriminatory acts are not actionable if time barred, even when they are

4

related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act." Nat'l R.R., 536 U.S. at 113; see also Kichline v. Consol. Rail Corp., 800 F.2d 356, 360 (3d Cir. 1986) ("[The] continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained [the] requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy."). Accordingly, while Hunt has alleged a myriad of claims which, if timely, might have been individually actionable, they do not constitute a "continuing violation." We therefore agree with the District Court's conclusion that Hunt's § 1983 action was time-barred. In light of this conclusion, we do not reach Hunt's remaining arguments on appeal, as success on those grounds would not revive the underlying cause of action.

Based on the foregoing, we will affirm the judgment of the District Court.